UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID BLACK,         )
                     )
    Plaintiff,       )
                     )
v.                   )   Case No.:
                     )
LIPPERT COMPONENT MANUFACTURING, INC.,  )
                     )
                     )
    Defendant.       )

## COMPLAINT

COMES NOW the Plaintiff, David Black ("Black"), by counsel, and for his causes of action against the Defendant, Lippert Component Manufacturing, Inc. ("Lippert"), states and alleges as follows:

### I.   INTRODUCTION

This is an action by Black against Lippert for his wrongful termination from employment on or about May 20, 2019 as a Maintenance Manager at Lippert's facility located at 51040 Greenfield Parkway, Middlebury, Indiana, 46540. Lippert claims the reason for termination of Black's seven-year employment was for "not following core values". Black claims that Lippert's reason is a pretext, a lie. Black contends he was terminated from his employment because he informed Lippert that he had been diagnosed with skin cancer and an aortic aneurism. In addition, Black had just begun to incur medical bills with respect to health issues he was having for the first time in his, approximately, seven-year employment.

Black is bringing claims for disability discrimination and is, also, asserting claims under the FMLA and ERISA. Black seeks all legal and equitable relief available including back pay, front pay, compensatory damages, liquidated damages, punitive damages, attorney's fees and costs.

## II.     PARTIES

1. Black is an individual citizen and resident of Goshen, Elkhart County, Indiana.

2. Lippert is a supplier of components to the recreational vehicle and residential housing industries located with its principal office located at 4100 Edison Lakes Parkway, Suite 210, Mishawaka, IN 46545, and which operates a facility at 51040 Greenfield Parkway, Middlebury, Indiana.

## III.     JURISDICTION

3. This Court has jurisdiction over this action by virtue of 28 U.S.C §1331 because these actions arise out of statutes of the United States of America, specifically the Americans with Disabilities Act, ("ADA") 42 U.S.C §1201 et seq., the Family Medical Leave Act ("FMLA") 29 U.S.C. §2601 et seq., and the Employee Retirement Income Security Act ("ERISA") ERISA Section 510, 29 U.S.C. §1140.

## IV.     FACTS

4. Black incorporates by reference paragraphs 1-3 of his Complaint as if same were fully set forth herein.

5. Black began his employment with Lippert on or about 2012 and worked for Lippert at its plant located in Middlebury, Indiana as a Maintenance Manager.

6. As an employee with Lippert, Black was a participant in and a beneficiary of the company sponsored employee welfare benefit Plan ("Plan") providing health insurance to Lipperts' employees.

7. At all times relevant hereto, Black's work performance was satisfactory.

8. On or about the end of April, 2019, Black was diagnosed with skin cancer and an aortic aneurism. He was insured by the Plan and began to incur healthcare related expenses due to his skin cancer and aortic aneurism.

9. About a week later, Black informed Lippert management of the diagnosis of an aortic aneurism and of the results of a biopsy on his nose which confirmed he had skin cancer which was scheduled for surgery.

10. On or about May 20, 2019, Patrick Moore, the General Manager of Lippert, asked Black to go outside with him. At that time, Moore told Black that they were letting him go because he was "not following core values". Black contends this asserted reason is a lie and the real reason he was let go was because he had developed cancer and was diagnosed with an aortic aneurism.

11. On or about February 5, 2020, Black filed a Charge of Discrimination with the Fort Wayne Metropolitan Human Relations Commission and also filed same with the EEOC, a copy of which is attached to this Complaint as Exhibit 1.

12. As a direct result of the wrongful termination, Black has suffered damages including lost pay and benefits, future lost pay and benefits, emotional distress, embarrassment and humiliation, costs and attorney's fees and he seeks punitive damages and liquidated damages in this action.

V. **STATEMENT OF CLAIMS**

**COUNT I – Disability Discrimination**

COMES NOW the Plaintiff, David Black ("Black"), and, in the alternative, pleads as follows:

13. Black incorporates by reference paragraphs 1-12 of his Complaint as if same were fully set forth herein.

14. Lippert violated the Americans with Disabilities Act, 42 U.S.C. 126 § 12101 et seq., ("ADA") by failing to accommodate Black with respect to his medical restrictions when Lippert could have easily done so, failing to engage in the interactive process with Black, and/or perceiving Black as disabled.

## COUNT II. ERISA Violations

COMES NOW the Plaintiff, David Black, ("Black") and, in the alternative, pleads as follows:

15. Black incorporates by reference paragraphs 1-14 of his Complaint as if same were fully set forth herein.

16. Black was terminated from his employment with Lippert because he was exercising his rights to benefits under the Plan and notified Lippert he was going to incur substantial additional charges from medical providers related to his skin cancer and aortic aneurism.

## COUNT III. FMLA Violations

COMES NOW the Plaintiff, David Black, ("Black") and, in the alternative, pleads as follows:

17. Black incorporates by reference paragraphs 1-14 of his Complaint as if same were fully set forth herein.

18. Black was terminated in violation of the FMLA, as Lippert interfered with his right to the take time off under the FMLA and retaliated against him by firing him when he was about to apply for and take leave.

## IV: PRAYER FOR RELIEF

WHEREFORE, Black prays for judgment in his favor and for the following damages:

a) back pay and benefits, front pay, benefits, and lost future income and benefits;

b) compensatory damages;

c) liquidated damages;

d) punitive damages for the ADA violation;

e) attorney's fees and costs; and

f) all other relief appropriate under these circumstances.

## JURY DEMAND

Plaintiff, David Black hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

THEISEN & ASSOCIATES, LLC

/s/ John C. Theisen
John C. Theisen (549-02)
Nathaniel O. Hubley (28609-64)
810 S. Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: 260-422-4255
*Attorneys for Plaintiff*